1  MICHAEL ELBERT HEILBRUN
   SID#11035478
2  O.S.P
   2605 State Street
3  Salem, OR 97301

4  Pro se,

5              IN THE UNITED STATES DISTRICT COURT

6              FOR THE DISTRICT OF OREGON

7  Michael Heilbrun              Case No. 3-16-CV-1052-SI

8       Plaintiff                **42 U.S.C § 1983,1985,1986 CIVIL
                                  RIGHTS COMPLAINT**

9  V.
                                  **OREGON COMMON LAW
10 City of Portland et al., .     CIVIL COMPLAINT
   Tony Hill, David              30.260 THOUGH 30.300
11 Christenson, Washington        (CERTIFIED)**
   County, Corizon Medical Inc.,
12 Joseph McCarthy MD., Pat Garrett,
   Sara Newberry, Ken Rolfe
13
   _____Defendant's_____
14
                                       I.
15
                                       A.
16
        This Civil Rights Action is filed by Michael Heilbrun SID# 11035478, ODL 3692684, a
17
   pro se litigant for Compensatory and punitive relief under 42 U.S.C § 1983 1985.  Alleging
18
   Defendant's by their own omission, admission actions or inactions, chose to be Deliberate
19
   Indifferent with prejudice, Conspiring to chill plaintiff of his Rights to be heard at a meaningful
20
   time in a meaningful manner, in doing so violating his  "First, Fifth, Sixth, Eighth and Fourteenth
21
   Amendment to the United States Constitution.
22
                                       B.
23

24

1  This Civil complaint under ORS 30.260 thru 30.300 pro se litigant Michael Heilbrun, moves this

2  court for an order granting compensation for Punitive damages General, damages and Special

3  damage relief provided by the Laws and Oregon Revised Statues Governing this State. Plaintiff

4  is incarcerated and cannot afford the cost associated with hiring an attorney to litigate these

5  claims. Plaintiff submits this complaint as prayer for relief from the wrongs committed by

6  defendants.

7                                                          II.

8                                         PRIOR CIVIL ACTION

9        Civil Rights Action Case No. 3:14-CV-01706-SI/ Ninth 9th Cir District of Oregon.

10                                                        III.

11

12                                     JURISDICTION & VENUE

13        This Civil Rights Action is Authorized by 42 U.S.C. § 1983-1985 to redress the

14  Deprivation Under the color of State Law and Rights secured by the Constitution of the United

15  States.  This Court has jurisdiction under 28 U.S.C. § 1331 (b) (3) and pendent "supplemental"

16  under 28 U.S.C. § 1367 to hear his State complaint.  Plaintiff Michael Heilbrun seeks declatory,

17  Punitive, special damages and Compensatory relief pursuant to 28 U.S.C. § 2201 and 2202.  The

18  District of Oregon is the appropriate venue under 28 U.S.C. § 1391(b) (2).

19                                                        IV.

20                                               PARTIES

21                                             PLAINTIFF

22        Plaintiff, Michael Heilbrun, SID# 11035478, ODL 3692684, was at the time of the

23  alleged Constitutional Violations a post prisoner client of Ken Rolfe of Washington County

24  Community Correction (WCCC) and a pretrial detainee at Washington County Jail. (WCJ).

<u>DEFENDANTS</u>

1. The "City of Portland" was at the time of the alleged Constitutional violation the Municipal Liable party, that failed-to-train it's Public Safety Officers on proper policy, customs and procedures within its Jurisdiction in the State of Oregon.

2. Officer "Tony Hill" was at the time a Police Officer for the City of Portland, who made the report and filed the original complaint.

3. Corizon medical Inc., a medical subcontractor of Washington County Jail. Vicarious liable.

4. "David Christenson", was at the time the Detective in this case, and was employed by the Portland Police Department (PPD).

5. "Washington County", at the time of the alleged Constitutional violations was a Municipal liable party that failed-to-train its public safety Officers on proper policy, customs and procedures within the Jurisdiction of State of Oregon. Also Washington County as being negligently liable were the injury accident accured.

6. "Ken Rolfe", was at the time of the alleged Constitutional violations, a Post Prison Supervisor within WCCC, who supervised the Plaintiff.

7. "Sara Newberry Was at the time of the alleged violation a liable adult party that allowed her minor child to participate in the Conspiracy to deprive plaintiff of his Constitutional Rights.

8. Joseph McCarthy was at the time the Chief medical Doctor who was liable as the under medical malpractice.

9. Pat Garrett was at the time the Sheriff at Washington county and is fiduciary liable for plaintiff future and present economical damages.

1                                              V.

2                                          FACTS

3                                            1.

4    January 17, 2012 through November 17, 2013 Plaintiff worked as a crane operator at Metro

5    Machinery and Rigging, working 50-70 Hours a week, were he made $66,000.00 that year before

6    being arrested. Plaintiff had been employed at MM&R for a total of 7 ½ years. Starting January

7    17, 2012, plaintiff was on 2-years post prison supervision (PPS) at WCCC and was a client of

8    Defendant Ken Rolfe.  Plaintiff had conditions/restrictions, and one was that he has no contact

9    with female minors.

10                                           2.

11   July 14, 2013 as the records indicate that plaintiff had been texting flirtatious pictures to a 46

12   year old female friend 'Lonnie' While Plaintiff and Lonnie had been texting, plaintiff

13   unintentionally sent a picture of his chest to a wrong Number, that wrong number and picture

14   ended up going to an unknown person (Koyla Munsen). Ms Munsen then asked who is this?

15   Heilbrun said Fabio and apologized to the unknown person for the picture he sent of his chest.

16   Conversation ended (text). The following night Ms. Munson texted plaintiff Heilbrun asking if

17   he would send additional pictures, because she stated she was at home alone watching her

18   children, and that she was bored. Ms. Munson stated loud and clear that she was an adult and that

19   her name was Koy, for the following days. On July 17, 2013 all texting communication ended

20   between Koy (Ms. Munson) and Fabio (Heilbrun).

21                                           3.

22   August 15, 2013, thereabouts Officer Tony Hill, of the Portland Police Department (PPD) was

23   called out to make a report with Ms. Newberry, and her minor Daughter Ms. Koyla Munsen, Hill

24   took down the complaint, which involved a female minor, (Ms. Munsen) who had been texting

1  for approximately 4-days with plaintiff from July 14 through July 17, 2013.  "Munsen had

2  disguised herself as being an adult to plaintiff and that her name was Koy, and his name was

3  Fabio, yet in Officer Hill's report actually confirmed that she was a 17-year old minor and that

4  her real name was Koyla Munsen. This texting ended up being a Violation of plaintiff post

5  prison conditions no contact with minors, and is Class A, Class B, and a Class C Felony.  She

6  was sending  pictures of her stomach, feet and plaintiff had sent pictures to Ms. Munsen of his

7  feet, chest , in which plaintiff was later charged and sentenced to 70-months in prison for the

8  simple fact, he had been texting with a 17-year old that he had never met Ms. Munsen. The

9  texting began July 14, 2013 and ended days later on July 17, 2013. Plaintiff Made numerous

10  phone complaints to the City of Portland police Department, and Washington County Sheriff's

11  Department for the harassment of the text messages as the phone record indicates, also plaintiff

12  passed a polygragh test 1-week prior to being arrested that was a court approved 'Michael

13  Childs' that plaintiff, clearly believed he had not been in contact with any minors.

14                                                4.

15  Meanwhile 'Hill did an immediate background check during the Investigation into the complaint

16  by 'Newberry.  This background check, immediately notifies plaintiff's Post Prison Supervisor

17  "Ken Rolfe" electronically, that his client has had Police contact, 'where his client has had police

18  contact, and 'why his client has had police contact.  Plaintiff was never questioned by Officer

19  Hill, for these alleged Felony crimes. Ken Rolfe did not even give a hearing notice to plaintiff

20  over the Post prison violations, or at least read Miranda Rights.

21                                                5.

22  This Police report alleges, plaintiff and Munsen sending  pictures of each other, being in direct

23  violation of post prison supervision conditions and felony crimes, Public safety Officer Rolfe,

24  being plaintiff's Supervisor and being informed of the premises was obligated to the protect

1  plaintiff's Constitutional and civil Rights to read Miranda rights, to arrest and give a citation,

2  (ORS 144.343,) and at least a Hearing with a Lawyer present (ORS 137.595 (2)(b)) and Criminal

3  Justice Division and Commission, ORS 137.630.

4                                                    6.

5  These (2) Two Public safety officers, Rolfe and Hill made unethical unprofessional choices,

6  failing under criminal Justice Division code of ethic and protocols. A complete dereliction of

7  professional duty, chilling and denying plaintiff his Miranda Rights, nor allowing him the Rights

8  to a Hearing when they were first made aware in the 'original Police report', or to serve a

9  citation for the Post Prison Violation which Oregon Law requires,  and United States

10  Constitution requires for the  Felony crimes of July 14-17,2013.  In turn Officer Hill Simply Just

11  filed the report August 15, 2013 to enhance the illegal conspiracy scheme (illegal sting), where

12  records indicate, August 21, 2013 Detective 'David Christensen took over the case.

13                                                    7.

14  "Now the Three (3) Officers" On August 21st 2013 records indicate, Defendant Christenson took

15  over the case and immediately contacted 'Ken Rolfe' of W.C.C.C, once again notified  'Rolfe' of

16  the premises of his clients alleged criminal conduct and behavior with the 17-year old female

17  minor, this meeting of the minds continued through the illegal conspiracy scheme (sting) for the

18  next 3-months to coerce plaintiff into further felony crimes of November 16, 2013. initiating and

19  questioning (texting) with plaintiff almost daily, without reading Miranda Rights for 3-months

20  August 2013 until November 2013. This was not spontaneous about the conversations between

21  Christenson and plaintiff.

22                                                    8.

23  August 21, 2013 'Christenson met with Ms. 'Koyla Munsen, and Munsen's Mother 'Sara

24  Newberry, then again on August 23rd 2013 to enhance their conspiracy sting operation. Not

1  Having any material evidence 'Christenson and 'Newberry adults allowed Ms.Munsen to be

2  used to send Pictures of her feet and stomach from Christenson's cell phone # number that

3  started in their illegal dialog of texting (sting) to plaintiff from August 23rd 2013 through

4  November 17, 2013. 'Christenson not having the physical material evidence of the alleged July

5  14-17, 2013 felony crimes, so they agreed to conspire to deprive, and retaliate with prejudice

6  against plaintiff for the fact he had been classified as a 'sex offender', not allowing plaintiff his

7  Procedural Due Process of Law, or his Equal Protection of Law for the Post Prison violations,

8  alleged felony crimes of July 14-17, 2013 (Miranda Rights).

9                                                    9.

10  August 23rd 2013 in the investigation reports, 'Christenson accelerating his conspiracy scheme

11  (illegal sting) 'not having the material evidence or factual evidence of his own, he contacted 'Ms.

12  Newberry and 'Munson who agreed with 'Christenson, to create illegal material evidence using

13  his own custom, policy and procedure using his <u>own cell phone Number,</u> for the next 3-months,

14  in which he had Munson start the illegal sting conduct and contact with plaintiff of a dialog of

15  texting. Creating his own procedural protocols his own Criminal Justice code of ethics and

16  commission conspiring to deprive plaintiff of his Civil Rights and Constitutional Rights.

17  'Christenson then informed Munson's and Newberry of his intention to take the pictures of her

18  bare stomach and feet, making her resend these pictures she had previously sent to plaintiff July

19  14-17, 2013 from her phone number, but now to send these identical pictures from his cell phone

20  # number to restart the (illegal sting) dialog of texting with plaintiff.

21                                                    10.

22  August 23rd 2013 'Christenson, from his personal phone number took over the dialog of texting

23  and identity of Munsen for the next 3-months, 'in which it was not a spontaneous questioning',

24  as where Christenson was receiving a great deal of pictures of plaintiff's, and Christenson also

1  sending pictures for the next 3-months, from August 23rd 2013 through November 16th 2013 at

2  which point plaintiff was arrested November 17, 2013 with a warrant for post prison violation.

3  'Plaintiff had no set bail when he was arrest for the alleged post prison violation of July 14-17,

4  2013 and November 17, 2013.  Later formally arraigned and charged for the July 14-17, 2013

5  and the November 17th 2013, alleged texting crimes. 'Plaintiff contends he should had been read

6  Miranda Rights, arrested and served citation with a preliminary Hearing notice in August of

7  2013, instead defendants did an illegal sting for the next 3-months without Miranda Rights being

8  read to plaintiff and used the 3-months worth of incriminating evidence against Mr. Heilbrun.

9                                              11.

10  As shown in the reports, August 30, 2013, thereabouts Post prison Supervisor 'Ken Rolfe, started

11  acting very suspicious, questioning plaintiff continually, making him take additional polygraphs,

12  showing up at plaintiff's workplace and residence, which he had never done in the last 1 ½ years,

13  he started taking pictures of the outside of plaintiff's residence, going through the inside of

14  plaintiff's residence and taking more pictures. 'Before leaving Plaintiff's residence 'Rolfe

15  informed plaintiff he was to now,  appear and report to his office Bi-Monthly instead of the

16  Once-Monthly as he had been scheduled for the last 1 ½ years. Also Washington County sheriff

17  Deputy's, and Sherwood police, from August 2013 through November 2013, on separate

18  occasions appearing at plaintiff's family residence asking if plaintiff lived there ' tracking

19  plaintiff, and on two separate occasions and locations, once at plaintiff's Bank and once at a

20  Restaurant parking lot, plaintiff noticed 'Rolfe sitting in his car casing plaintiff.

21                                              12.

22  September 22nd 2013 thereabouts, the investigation reports show "Plaintiff was to shows up at

23  Rolfe's Office as scheduled, at which point Rolfe informs plaintiff he was to spend a weekend in

24  jail, for violating Post prison supervisory condition, (this was for failing to show up at the

1  Behavior Health program classes on a regular basis that had been ordered by a judge). It was

2  discussed with plaintiff to turn himself in Friday, September 24th 2013 and would be released

3  Sunday September 26th 2013. Rolfe was Dishonest, angry and agitated with plaintiff. At any

4  point From August, 2013 through November, 2013 Plaintiff should had been arrested and read

5  Miranda Rights, and investigated for the Violation and texting crimes of July 14th through 17th

6  2013. Christenson and Rolfe being public safety offices and informed of the alleged crimes

7  should have read Miranda Rights.

8                                    13.

9   Rolfe being fully informed of the criminal activities of his client, then 'knowingly and

10  'wantonly failed to schedule a Hearing notice under ORS 144.343,

11  OAR 255-075-0005    Hearing Requirement: Procedure (1) Except as otherwise provided by
   these rules, before the Board can revoke parole or extend active parole supervision for offenders
12  whose crimes occurred on or after December 4, 1986, and before November 1, 1989 (BM10), the
   Board or Hearings Officer shall conduct a hearing.
13
      'By no means would arresting plaintiff and reading him his Miranda Rights be interfering with
14
   a criminal investigation, in fact it would had secured all evidence, and awarding plaintiff his
15
   Constitutional Rights with Miranda Rights and would had protected plaintiff's State created and
16
   imposed liberty interest Civil Rights. Creating 'instead' a conspiracy scheme, with his own
17
   imposed custom, policy and procedures that deprived plaintiff of his Civil Rights and
18
   Constitutional Rights.  Rolfe was very agitated, scaling with anger at plaintiff. The Officer's
19
   retaliated with prejudice towards plaintiff for being  classified as a sex  offender.
20
                                    14.
21
      Christenson continued his texting plaintiff with pictures for the next 3-months August 23rd
22
   2013 through November 16, 2013. Being a public safety officers, and under the most basic safety
23
   standard OAR 259-008-0010(6) Moral Fitness (Professional Fitness). All law enforcement
24
   officers must be of good moral fitness. For purposes this standard, lack of good moral fitness

1  includes, but is not limited to, 181.640, 181.630, 135.070, OAR 255-075-001  through OAR 255-

2  075-0100, the Oregon Administrative Rules and Oregon Revised Statues Oregon Constitution

3  Article 1.§ 13 that would have guaranteed plaintiff his Miranda Rights and or, to a Hearing back

4  in August 2013. The 3-public safety officers failed to follow the most minimum standard, instead

5  chose dishonesty OAR 259-008-0070(3)(a)(ii) and 259-008-0070(3)(a)(i); and violate plaintiff

6  Constitutional Rights.  'Hill, 'Rolfe, and 'Christenson failed to follow the board of safety

7  standards customs, policy and procedures of public safety ORS.181.640(1)(a).

8                                          15.

9  During their investigation from August 2013-through-November 2013, Defendants went so far as

10  to exploit a minor with their illegal sting operation, writing fictitious fraudulent emails with Ms

11  Munson's email account name. Creating fictitious evidence, with Sara Newberry being at the for

12  front, allowing her 'minor' daughter Koyla Munsen to be exploited to start a dialog of texting

13  from Christenson's cell phone number August 23rd 2013 until November 16, 2013 so as to

14  enhance the officers (illegal sting) conspiracy scheme, that also deprived plaintiff his Civil and

15  Constitutional Rights, that plaintiff was later charged convicted and sentenced to 120 months in

16  State Prison. Plaintiff should have been promptly read Miranda Rights to secure proper

17  Procedural Due Process, and Equal Protection, in August 2013.  The fact that the 3-public safety

18  officers were Deliberate Indifferent, chilling plaintiffs rights to be heard in a meaningful time, in

19  a meaningful manner, using prejudice towards plaintiff for being classified as a sex offender and

20  they had him maliciously prosecuted to 120-months in prison total.  Texting  July 14-17th 2013

21  plaintiff received 70-months charged convicted and sentenced, then for texting November

22  16,2013 plaintiff received 50-months of incarceration, which Christenson and Ms Munsen

23  initiated the texting with pictures of Munsen's, bare feet, stomach and miscellaneous pictures to

24  the plaintiff weekly for the next 3-months August 23, 2013 until November 17, 2013, without

1   Miranda Rights read.  Plaintiff was not made aware that he would be convicted and sentenced for

2   the July 14-17, 2013 and the November, 16th 2013 alleged texting crimes until July 11th 2014

3   and then sent to State prison July 14, 2014. Plaintiff was arguing the charges for 9-months prior

4   for the fact, evidence was illegally obtained and he was not guilty.

5                           16.

6   Christenson went so far as to pull every contact in plaintiff's phone, harassing plaintiff's friends,

7   co-workers, and family, Lying to Plaintiff's Daughter by psychologically harming her, "stating:

8   you have a 5-year old brother by your father with another women". Which is false, and a lie, just

9   to harm and hurt. . Christenson's  harassing my Sister who lives in California. Calling and going

10   by plaintiff place of employment telling them that I am a monster. Calling my ex-girlfriends and

11   telling them that he was a monster, Just too Hurt and Harm & Destroy Plaintiff's relationships.

12                         17.

13                 PRETRIAL DETAINEE

14                     FACTS

15   **1.)** Plaintiff was arrested November 17, 2013 and was placed in Washington County Jail, where

16   he was awaiting trial in his infamous criminal case. Plaintiff was wrongfully placed on

17   Noratryptaline December 2013 and without informing him with medication cue cards that he was

18   being placed on plaintiff had never taken Noratryptaline before.  Plaintiff had complained of

19   soreness from the beds he was sleeping on and they administered Tylenol and Ibuprofen, at <u>No</u>

20   time during his visit with McCarthy did plaintiff say he was depressed or wanted anti-

21   depressants. Plaintiff started having strange dreams, of racing thoughts, restlessness, and

22   agitation, irritable after he was placed on the Noratryptaline.. Plaintiff fell from his 36 inch

23   platform bed and landed on the cement floor once in February 2014, and thought not much of it,

24

1 then again falling March 17, 2013 in which he suffered from the fall that impacted his spinal

2 cord, Rupturing his L,4-5 SI and fracturing his L5 vertebra.

3 **2.)** While awaiting trial, On March 17, 2014, plaintiff sustained the spine injury were he suffers

4 from a ruptured L-4,5 and L-5 SI, along with a fracture to his L5 vertebra, as the MRI's from

5 Tuality Hospital indicated and Two (2) Neurosurgeon's confirmed. April 17, 2014 and then

6 placed under the care of Physician Stolz Colin of Corizon Medical Inc,. From March 17, 2014

7 until April 17, 2014 plaintiff was sent to Four (4) RN nurses and would not allow plaintiff to see

8 a Doctor during that month of March 17, until April 17, 2014, were he was in terrible horrific

9 pain. ' Plaintiff and a critically ill patient, 'Garry Karusso' were placed into a mental ward with

10 insane, feasie throwing crazy people, and drug addicts that were detoxing throwing up barf and

11 blood, from April 17, 2014 through April 23, 2014, and were days earlier a young female patient

12 had just died from negligent. This was known as Medical Observation Unit (MOU)

13 **3.)** April 23,  2014, Doctor Colin started plaintiff on a pain management contract of Morphine

14 Sulfate and Norco, also prescribing plaintiff a wheelchair and walker along with placing him into

15 a handicap cell do to his mobility issues. Washington county and agents Corizon Medical Inc.,

16 continued to reassure plaintiff that they would take care of plaintiff's injured Spine, Scheduling

17 him to specialist "Neurosurgeons" so he may have the operation to his spine. May 16, 2014

18 Neurosurgeon Bradly Burquist and July 8, 2014 Neurosurgeon Kim Burchiel.

19 **4.)** The pain management "Cocktail" consisted of 3-Tabs of Morphine Sulfate 45mg 2X daily

20 and 4 Tabs Norco 3X daily for the severe pain associated from the spine injury.

21 **5.)** From November 2013 when he was arrested though April 2014, Plaintiff continued his legal

22 position of not guilty and requesting continuances.  Plaintiff relayed this repetitively to family

23 and that he should not be wrongfully arrested charges, sentenced and imprisoned for the alleged

24 crimes. Plaintiff even sent a letter to lawyer certified mail (via his sister) stating his innocence.

1 **6.)** Starting in April 2014 after the injury until July 11, 2014 W.C.J., and agents were well aware

2 and informed of plaintiff's mental (medication) and physical spine injury (medical) state of

3 mind, Yet W.C.J. continued to allow the infamous criminal proceedings to progress against the

4 plaintiff (detainee). Plaintiff was in <u>NO</u> position, 'mentally to comprehend, (from the Cocktail of

5 morphine and Norco Narcotic's) or to assistance with counsel with a culpable state of mind.

6 'W.C.J. was in charge, and was responsible to keep plaintiff mentally and physically fit to stand

7 trial. So that he may assist in counsel on his behalf.

8 **7.)** During the Month of April 2014, plaintiff missed Two (2) appt. with Lawyer in the criminal

9 case due to his spinal cord injury. Plaintiff then met lawyer in May 2014, and gave a release of

10 medical information from the Jail to Lawyer so that it may be relayed to all parties involved. In

11 May 2014, the court granted a continuance until July 11, 2014.

12 **8.)** On July 10, 2014, the evening before court 'plaintiff met lawyer, plaintiff said he was not

13 guilty and wanted another continuance in this case for 'First fact he was not guilty of the alleged

14 charges, 'Second' fact he was so high and incoherent from the large dose of Morphine and Norco

15 were doctors on the day before July 9, 2014, had just increased the dose of Morphine and Norco.

16 **9.)** Now on July 11, 2014 approximately 1:30PM, plaintiff was escorted to court in his

17 wheelchair. As he was waiting his case, in the middle of calling Approx 30-cases in the

18 courtroom the court clerk phone rang, 'it was the D.A Calling plaintiffs lawyer, within minutes

19 plaintiff was told the D.A, is playing hardball, so he sent plaintiff back to Jail were lawyer said

20 he would speak with plaintiff.

21 **10.)** July 11, 2014, it was now Approximately 3:30 PM Layer talks to plaintiff and telling him

22 NOW the plea deal is 120-months in State prison, and if you don't except the plea deal today the

23 D.A. is going to get you for Life in prison without the option of parole. Plaintiff could only feel

24

1  his life and liberty were being threatened which they were. Plaintiff was coerced and

2  manipulated.

3  **11.)** At 5:15PM on July 11, 2014, plaintiff was whisked down to court were he felt he was

4  forced and coerced to be in a position that jeopardized his life and liberty, plaintiff believes he

5  was forced by Washington County and agents to be in this situation "court" because

6  'Washington County did NOT want the Jail to absorb the exuberant fee's associated with a

7  surgery, a Neurosurgeon, and Hospital expenses, instead 'Jacked' plaintiff up on a huge amount

8  of opiates and send him off to State prison in hopes the problem would just disappear.

9  **12.)** From the time of the injury was seen on MRI 'April 17, 2014' Until the wrongful conviction

10  on July 11, 2014, W.C.J and agents were well aware of the infamous criminal case proceedings

11  against plaintiff in which he was booked and charged with numerous felony crimes, with a bail

12  of $275,000.00, that was upon W.C.J. computer system, and defendant being the payee of all

13  medical bills associated with plaintiffs spine injury, plus all verbal communications of family

14  members calling in, all written communications (grievances, and that plaintiff received a

15  disciplinary cell-in for writing so many grievances, (abuse of procedure') Defendant Washington

16  County and Corizon Medical Inc., were not ignorant of the Facts.

17                                    FEDERAL

18                            FAILURE TO PROTECT

19                            INCORPORATING 1-16

20                                        A.

21  Plaintiff alleges that his rights to due process were violated, when defendants were deliberate

22  Indifferent, when they chose to Conspire with extreme prejudice, chilling and retaliating against

23  plaintiff for being classified as a sex offender. 'This failing-to-protect plaintiffs Constitutional

24  rights and allow him to be sober in assisting with counsel, Chilling his rights 'Freedom of

1  Speech, Equal Protection Rights, Substantive and Procedural Due Process Rights, and State

2  imposed liberty interest under, Oregon Administrative Rule and Oregon Revised Statues,

3  Oregon's Criminal Justice Division code of ethics, Criminal Justice commission, Oregon

4  Constitution Article 1.§ 13 that would have secured plaintiff's Rights under the First, Fifth, Six,

5  Eighth and Fourteenth Amendment to the United States Constitution. This dereliction of duty by

6  (3) Three public safety officer Hill, Rolfe Christenson and one civilian, Sara Newberry, who

7  knowingly, willingly, wantonly and maliciously disregarded Plaintiff's Constitutional Rights of

8  self incrimination. 'Following their own custom, their own policy, and their own procedures,

9  failing to follow Oregon Revised Statues, Oregon Administrative Rules, Oregon Laws, Failing to

10  follow Criminal Justice Division code of ethics and conduct protocols, and Criminal Justice

11  Commission or county protocols, in turn had plaintiff maliciously prosecuted to 120-months

12  placing plaintiff under great deal of emotional and mental anguish. 'Knowingly, 'willingly

13  'chilling plaintiff's rights to be heard at a reasonable time, in a reasonable manner, failing to

14  serve a citation, failing to arrest and read Miranda Rights, Failing plaintiff the Right to promptly

15  have a Hearing allowing plaintiff an attorney for the alleged crimes of July 14th-17th 2013, when

16  they were first made aware of the alleged post prison supervision violation and crime, in turn

17  conspired to have him maliciously prosecuted. 'The City of Portland, 'Washington County '

18  failed-to-train it's Employee's protecting the Civil Rights and Constitutional Rights of others

19  (plaintiff), and how to follow Oregon Administrative Rules, Oregon Revised Statues, Oregon,

20  Criminal Justice code of ethics, Oregon Constitution, and Oregon criminal Justice commission.

21  They even went so far as to exploit a minor, just to enhance their conspiracy scheme, and that

22  they as "public safety officers", and "guardian" were suppose to be protecting.

23                                    STATE

24                            FAILURE TO PROTECT

1                INCORPORING 1-17

2                     A.

3  Plaintiff alleges from November 17 through July 11, 2014, the defendants Washington County,

4  Corizon Medical Inc, Pat Garrett, and Joseph McCarthy, In their actions or inaction did

5  Knowingly and willingly fail to protect plaintiff health, and then Recklessly and wantonly had

6  plaintiff maliciously prosecuted denying him any constitutional rights procedural due process,

7  equal protection rights to be heard in a meaningful manner in a meaningful way when they

8  Medically incapacitated him July 11, 2014 with large doses of opiates medication, this cocktail

9  of Morphine Sulfate combined with Norco Narcotics, in doing so defendant's disrupted, chilling

10  and impeding plaintiff's judgment and impaired his ability to assist with counsel in his infamous

11  criminal case, violating his First, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights to the

12  united States Constitution

13                 <u>STATE CLAIMS</u>

14  Negligence, Medical Malpractice, Fiduciary liable, Vicarious Liable, Intentional Infliction of

15  Emotional Distress (IIED).

16  **1.** From March 17, 2014 until July 14, 2014, Sheriff Pat Garrett being the captain of his ship

17  'Washington County Jail' and is fiduciary liable for plaintiff past, present and future economical

18  losses do to the injury that transpired with-in his facility (W.C.J) that greatly effected plaintiff

19  health to this day is unable to work, and has been in medical need of a wheelchair, walker and

20  cane for the last 3 years since the injury accident. Being a serious medical condition 'Garrett

21  failed to have safety measures in place, such as trapeze bars or barricades on the platform bed

22  plaintiff slept upon unconsciously unaware incoherent from the Noratryptaline antidepressants

23  plaintiff was placed on by his own medical staff. Garrett was responsible to keeping a safe

24  housing area.

1  **2.** Chief Doctor McCarthy was medically negligent (medical malpractice), knowingly and

2  willingly prescribing and administering a drug that had known side effects of irritability,

3  agitation, restlessness, flailing, racing thoughts, sleep disturbances, and not providing plaintiff

4  with a medication information cue care or to inform plaintiff as to were plaintiff could have been

5  aware of known side effects from a medication he did not know he was even taking, and could

6  have prepared and prevented the injury fall did plaintiff ever tell McCarthy he was Depressed

7  and need of anti-depressants. Mr. McCarthy failed to exercise sound judgment.

8  **3.** July 11, 2014, Washington county and Corizon Medical were medically negligent in training

9  Dr Colin Stolz, failing to allow plaintiff the right to have an operation to the spine so he may

10  have been tapered off of the high dose of narcotic's, and  approach the court with a culpable state

11  of mind with sound judgment in his infamous criminal case. Not wanting to absorb the high cost

12  of an operation to plaintiff's spine, recklessly allowed him to be maliciously prosecuted, illegally

13  prosecuted and, knowingly, willingly and intentionally inflicting emotional distress onto the

14  plaintiff, and having him maliciously prosecuted, convicted and sentenced.

15                                    18.

16                              FEDERAL CLAIMS

17                    DENIAL OF PROCEDURAL DUE PROCESS

18                                    A.

19  **1.** Plaintiff alleges that he was denied proper Substantive and Procedural Due Process August 15th 2013

20  through November 16th 2013, when the Three (3) public safety officers Hill, Christenson and Rolfe were

   first made aware of the alleged texting crimes and Post Prison violations of July 14-17, 2013  did

21
   knowingly and willingly deny plaintiff his Miranda Rights Miranda v. Arizona, 384 U.S. 436, 467-68 (1966),

22  "Constitutional Rights" August 15, 2013 through November 16, 2013, and also by not allowing a probable

23  cause Hearing which guarantees a proper procedure Rights to parolees (plaintiff), instead during the

24  Three (3) months 'defendants through coercion and with "illegal sting operation" conducting a "non-

1 spontaneous questioning" and contact, "manipulate vicariously through a minor" Munson, for plaintiff to

2 commit further texting crimes when Christenson had Munson start a dialog of texting pictures from "his

3 cell phone number from " August 23, 2013 through November 16, 2013, Which denied plaintiff procedural

4 due process. They should not have text plaintiff for the duration of those 3-months from Christenson's cell
phone number. Plaintiff did not waive his Rights

5

                                        B

6

                                  Legal Standard

7

8 *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). We review the
question of voluntariness de novo. *Cox v. Del Papa*, 542 F.3d 669, 675 n.6 (9th Cir. 2008). A
*Miranda* waiver "must have been made with a full awareness of both the nature of the right being
abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412,

9 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986). However, "coercive police activity is a necessary
predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process

10 Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 93
L. Ed. 2d 473 (1986).

11   1. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a
witnessagainst himself . . . ." U.S. Const. amend. V. In Miranda v. Arizona, the Supreme Court

12       established guidelines for the application of the Fifth Amendment's privilege against self-
incrimination to the context of custodial interrogations by law enforcement. 384 U.S. 436, 441-42,
86 S. Ct. 1602, 16 L.Ed.2694 (1966).The Court held that "the prosecution may not use statements,

13 whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant
unless it demonstrates the use of procedural safeguards effective to secure the privilege against

14 self-incrimination." Id. at 444. The Court defined "custodial interrogation" as any questioning by
law enforcement initiated after an individual has been taken into custody or significantly deprived
of the freedom to act. Id. "Prior to any questioning, the person must be warned that he has a right

15 to remain silent, that any statement he does make may be used as evidence against him, and that
he has a right to the presence of an attorney, either retained or appointed." Id.

16

    .2. In analyzing a claim for violation of the right to procedural due process, the threshold inquiry
17    is whether defendant's conduct infringed a protected interest. Once this initial test is met, the
court must then assess whether the process provided by defendants was constitutionally

18 adequate. See Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L. Ed. 2d 675 (1983); Mathews
v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L. Ed. 2d 18 (1976). "An important government
interest, accompanied by a substantial assurance that the deprivation is not baseless or

19 unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to
be heard until after the initial deprivation." Fed. Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 240, 108

20 S.Ct. 1780, 1787-88, 100 L. Ed. 2d 265 (1988). "[W]here pre-deprivation process is feasible, it must
be afforded before a person may be deprived of a protected interest." Finkelstein v. Bergna, 924

21                                F.2d1449, 1452 (9th Cir.1991).

22   3. The 9th ciruit recently explained that the shock the conscience standard is satisfied by
conduct that either consciencly or through complete indifference and disregards the Risk of an
Unjustified deprivation of liberty Tatum V. Moody 786, F 3d 806 820-21 (9th cir 2014) Citing Gantt,

23 717 F3d at 707. Thus a wide variety of conduct has been found to shock the conscience "In
violation of due process clause of the Fourteenth Amendment, Fundemental requirement of due

24 process is the opportunity to be heard at a meaningful time and a meaningful manner. Mathew V.
Eldridge.

1    4 The Due Process Clause protects individuals from being deprived of life, liberty or property
without due process of law. U.S. Const. amend. XIV, 1. In order to state a cause of action for
2   deprivation of procedural due process, a plaintiff must first establish the existence of a liberty
interest for which the protection is sought. Liberty interests may arise from the Due Process
Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68, 103 S.Ct. 864, 74 L.Ed.2d 675
3   (1983).

4    5. A parolee has a constitutional right to an on-site hearing by which a person other than the
parole officer who recommends revocation can decide whether there is probable cause to revoke,
and a parolee who is denied such a hearing must be granted relief if he suffered prejudice as a
5   result of that denial. Huckaby v. Newell, 16 Or App 581, 519 P2d 1290 (1974)

6
                                            C.
7        OAR 255-075-0005    Hearing Requirement: Procedure
Except as otherwise provided by these rules, before the Board can revoke parole or extend
8   active parole supervision for offenders whose crimes occurred on or after December 4,
1986, and before November 1, 1989 (BM10), the Board or Hearings Officer <u>shall</u> conduct a
9   hearing.

10   6. ORS 144.343 and ORS 135.070 through ORS 135.225. "Hearing and revocation procedure: 1.)
When State board of parole and post prison supervision or its designated Representative has
been informed and has reasonable grounds to believe that a person under it's jurisdiction has
11  violated conditions of parole and that revocation of parole may be warranted, the Board or its
designated Rep' <u>shall</u> conduct a Hearing as promptly as convenient to determine if there is
12  probable cause to believe whether a violation of one or more conditions of parole has occurred
and also conduct a parole violation hearing if necessary. Evidence received and the order of the
court at a preliminary hearing Under ORS 135.070 through 135.225 May be used by the board to
13  determine the extents of probable cause. A waiver by the defendant of any preliminary hearing
<u>shall</u> also constitute a waiver of probable cause hearing by the board. The location of the hearing
14  <u>shall</u> be reasonably near the place and time of the alleged violation or the place of confinement.
(3)(f) The parolee is to be represented by counsel and if indigent to have counsel appt at Board
expense, if the board or it's designated determines after request is based upon timely and
15  colorable claim.

16   7.  . ORS. 137.595 Est. system of sanction and rules: (2)(b), Procedure to provide a probationer
with written notice of the probationer's Rights to a hearing before the court to determine whether
the probationer has violated the condition of probation alleged in the probation violation report,
17  and if so whether to continue the probation on subject to the same or modified condition or order
sanction for any violations and the right to be represented by counsel at the hearing if the
18  probationer is financially eligible.

19                                          D.

20   1. Washington county and Corizon medical inc., failed to allow plaintiff his procedural due process of Law

21   to be evaluated prior to being placed before the courts being highly medicated on large doses of

22   Morphine sulfate and Norco in which impeded and impaired his judgment, and that did deprive him of his

23   liberty interest to be of sound mind, and where he was wrongfully charged, convicted and sentenced July

     11, 2014

24                              <u>LEGAL STANDARD</u>

1
   **161.365  Procedure for determining issue of fitness to proceed.**

2
   **161.370  Determination of fitness; effect of finding of unfitness; proceedings if fitness**

3 **regained; pretrial objections by defense counsel.**

4 **The superintendent of a state hospital or director of a facility to which the defendant is committed shall cause the defendant to be evaluated within 60 days from the defendants**

5 **delivery into the superintendents or directors custody, for the purpose of determining whether there is a substantial probability that, in the foreseeable future, the defendant will**

6 **have the capacity to stand trial. In addition, the superintendent or director shall:**

7 **33. Condition of defendant**
    from attempt to coerce confession but rather from compliance with local practice permitting

8 intoxicated suspects to become sober before questioning and presentment and from travel time necessary to reach District court did not commit error in finding in-custody statements of

9 defendant to be voluntary and delay in presenting him to magistrate to be reasonable where delay of more than 24 hours did not US 846, 50 L Ed 2d 118, 97 S Ct 129 resultnearest magistrate.
**United States v Bear Killer (1976, CA8 SD) 534 F.2d 1253, cert den (1976) 429**

10

11
19.

12
MALICIOUS PROSECUTION

13
A.

14 **1.** Defendants did knowingly and willingly fail to read plaintiff his Miranda Rights *Miranda v. Arizona*, 384

15 U.S. 436, 467-68 (1966),Constitutional law,  Freedom of Speech,**ORS 144,** and **OAR 255.**   ORS

16 144.343, ORS 135.070 through ORS 135. 225 and OAR 255-075-0001 through OAR 255-075-0100 to a

17 hearing and Attorney at the onset of the alleged texting crimes when the Three (3) public safety officer were first made aware August 15th 21st and 23rd 2013 did indeed, wantonly have plaintiff Maliciously

18 prosecuted July 11, 2014, to 120-months and sentenced to "Hell' State Prison.  "For Three (3) months

19 defendant's, through coercion and with an 'illegal sting operation' manipulating coerced plaintiff to commit

20 further crimes for 3-months, defendants through vicarious impersonating as if to be another  person

21 (Munsen), allowing Munsen to start an illegal conduct and contact August 23, 2013, of a dialog of texting

22 from Christenson's cell phone number, and then he took over the dialogs of pictures for the next 3-
months and used the illegal evidence that was obtained against Mr. Heilbrun in his infamous criminal

23 case. Under OAR 259-008-0070(3)(a)(i); Dishonesty includes; untruthfulness, dishonesty by admission or

24 omission, <u>deception</u>, <u>Misrepresentative</u>, <u>falsification</u>, OAR 259-008-0070(3)(a)(ii); Disregard for the rights

1  of others Constitutional or civil Rights of others, protecting Vulnerable persons and fundamental duty to

2  protect and serve the public. OAR 259-008-0070(3)(A)(v), Misuse of authority includes abuse of public

3  trust, abuse of authority to obtain a benefit, avoid a detriment or harm another, and abuse under the Color

   of State Law. Under OAR 259-008-0060 4© Law enforcement <u>MUST</u> ascribe to and swear or affirm to

4  abide by the criminal Justice code of ethics.

5  **2.** Washington County and Corizon, intentionally had plaintiff maliciously prosecuted, failing to secure

6  plaintiffs constitutional and civil Rights to be of sound mind, with a culpable state of mind, so to properly

7  assist and help defend in the infamous criminal case that was against him July 11, 2014.

                                    LEGAL STANDARD

8

9  **1.)  District court did not commit error in finding in-custody statements of  defendant to be
   voluntary and delay in presenting him to magistrate to be reasonable where delay of more than 24
   hours did not result from attempt to coerce confession but rather from compliance with local**

10 **practice permitting intoxicated suspects to become sober before questioning and presentment
   and from travel time necessary to reach nearest magistrate.  United States v Bear Killer (1976, CA8**

11 **SD) 534 F.2d 1253, cert den (1976) 429 US 846, 50 L Ed 2d 118, 97 S Ct 129**

12 **2.) A parolee has a constitutional right to an on-site hearing by which a person other than the
   parole officer who recommends revocation can decide whether there is probable cause to revoke,
   and a parolee who is denied such a hearing must be granted relief if he suffered prejudice as a**

13 **result of that denial. Huckaby v. Newell, 16 Or App 581, 519 P2d 1290 (1974)**

14 **3.)  9th Circuit; A claim for malicious prosecution is not recognized under 42 USC  1983 if process
   is unavailable within the judicial system to provide a remedy Usher V. City of Los Angeles 828 F2d
   556, 561 (9th cir 1987) citation omitted) However if malicious prosecution is a conduct with the**

15 **intent to deprive a person of equal protection of the laws or Constitutional Rights.  A Malicious
   prosecution Under 42 USC 1983 is available Id. At 562 Citing Bretz V. Kelman 773, F2d 1026, 1031**

16 **(9th cir 1985).**

17                                     20.

                                LEGAL STANDARD

18                          <u>MUNICIPAL LIABILITY</u>

19                            MONELL LIABILITY

20                            FAILURE-TO-TRAIN

21                                     A.

22 From August 15th 2013, through November 16, 2013,  Washington County, and The City of Portland,

   these Two (2) parties are the municipal liable parties that failed-to-train its public employee's to follow

23 proper procedural practices on Constitutional Rights of others (plaintiff), Civil Rights, Oregon

24 Administrative Rules, Oregon Revised Statues, and Criminal Justice Division code of ethics, protocols

1  and commission to read Miranda Rights, that would had guaranteed plaintiff his Civil Rights and

2  Constitutional Rights in which there is no qualified immunity for such Constitutional violations by

3  defendants. 'Allowing Hill, Rolfe and Christenson to follow their own Governmental policy, custom and procedures that are" Deliberate Indifferent" to plaintiff Civil Rights and Constitutional Rights when they

4  vicariously impersonated another person during their illegal sting conspiracy scheme for 3-months,

5  making Munson start a dialog of texting from Christenson's cell phone number of her bare feet and

6  stomach and then allowing these officers to use this 3-months of coerced illegal self incriminating

7  evidence to be used against Mr. Heilbrun. Washington County and the City of Portland failed-to-train on:

B.

8

LEGAL STANDARD

9
**1.) ORS 137.630  Duties of parole and probation officers.**

10  The duties of parole and probation officers appointed pursuant to ORS 137.590 or 423.500 to 423.560 are:

11  (a) To make investigations and reports under ORS 137.530 as are required by the judge of any court having jurisdiction within the county, city or judicial district for which the officer is

12  appointed to serve
(b) To receive under supervision any person sentenced to probation by any court in the

13  jurisdiction area for which the officers are appointed to serve.

14  (c) To provide release assistance, and supervise any person placed in a diversion, work release or community services alternative program, by any court in the jurisdiction area for which the

15  officers are appointed to serve
(d) To give each person under their supervision a statement of the conditions of probation or

16  program participation and to instruct the person regarding the conditions(e) To keep informed concerning the conduct and condition of persons under their supervision by visiting, requiring

17  reports and otherwise.

18  (f) To use all suitable methods, not inconsistent with the condition of probation or program participation, to aid and encourage persons under their supervision and to effect improvement in

19  their conduct and condition.
(g) To keep detailed records of the work done and to make reports to the courts and to the

20  Department of Corrections as the courts require.

21  (h) To perform other duties not inconsistent with the normal and customary functions of parole and probation officers as may be required by any court in the jurisdiction area for which the officers are appointed to serve.

22  **3.) OAR 259-008-0005**

23
**(25) Parole and Probation Officer means:**

24

1 Community protection by controlling, investigating, supervising, and providing or making referrals to reformative services for adult parolees or probationers or offenders on post-prison supervision; or

2 Investigating adult offenders on parole or probation or being considered for parole or probation;

3 **(26) Police Officer means:**

4 Responsible for enforcing the criminal laws of this state or laws or ordinances relating to airport security;

5 **Corrections officer means an officer or member employed**

6 **ORS 181.610** full-time by a law enforcement unit who:

7 (a) Is charged with and primarily performs the duty of custody, control or supervision of individuals convicted of or arrested for a criminal offense and confined in a place of incarceration or detention other than a place used exclusively for incarceration or detention of

8 juveniles; or

9 **137.592  Policy regarding probation violations.**

10 (1) To protect the public, the criminal justice system must compel compliance with the conditions of probation by responding to violations with swift, certain and fair punishments.

11                                                 E.

12      The United States Supreme Court has approved Municipal Liability based on 42 USC § 1983 when Municipal action that is alleged to be unconstitutional implements or executes a policy statement, ordinance regulation or decision officially adopted and promulgated by the body

13 officers, or were such action emanates from formal Governmental custom.  In other words the Constitutional violation must have sprung from official policy in one form or another as such local

14 Government Units cannot be held liable mechanically for their employee's actions under Respondent Superior theory.  The plaintiff must demonstraight that though it's deliberate

15 conduct, the municipality was the moving force behind the injury alleged.  He must show that the municipal action was taken with requisite degree of culpability and must demonstraight a direct

16 link between the municipal action and the deprivation of Federal Rights.  (Failure-to-train theory against the Municipal itself and not against the supervisor in their individual capacity See. Harris,

17 489 U.S. at 385, Recognizing that a systematic failure-to-train officer adequately as a custom or policy may lead to city Liability.  A Municipals failure-to-train its employees must amount to

18 deliberate indifference to the Rights of persons with whom the untrained employee comes in contact with. Id alteration in original. Quoting City of Canton Ohio V. Harris 489, U.S. 387,388, 109 S. Ct 1197, 103 LEd 2d 412 (1989) Deliberate indifference requires proof that a Municipal actor Disregards a known or Obvious consequence of action. Id 360.

19                                                 F.

20                    "Department of public safety standard and training."

21                       OAR 259-008-0000 through OAR 259-008-0250.

22                  "Department of public safety minimum standard of training"

23                             ORS 181.630 and ORS 181.640.

                                      "Misuse of authority"
24                                        ORS 162.385
                       OAR 291-065-0005 through OAR 291-065-0007

1

**"Gross misconduct"**
**OAR 259-008-0070 (3)(A)(II)**
**OAR 259-008-0070 (3)(A)(V)**

2

3

**"Right to be free from Unnecessary Rigor"**
**Article 1. § 13. Oregon Constitution.**

4

**"Hearing requirements"**
**ORS 144.343**
**OAR 255-075-0000 Through OAR 255-075-0100**
**OAR 291-058-0010 through OAR 291-058-0070**

5

6

G.

7    Defendants Corizon Medical Inc., failed to train their medical providers on removing Morphine Sulfate and

8    Norco Narcotics , in which greatly impeded and impaired plaintiff's mental capacity, judgment and abilities

to stand trial in his infamous criminal case July 11, 2014.

9

LEGAL STANDARD

10

**161.370  Determination of fitness; effect of finding of unfitness; proceedings if fitness**
11   **regained; pretrial objections by defense counsel.**

12   **The superintendent of a state hospital or director of a facility to which the defendant is**
     **committed shall cause the defendant to be evaluated within 60 days from the defendants**
13   **delivery into the superintendents or directors custody, for the purpose of determining**
     **whether there is a substantial probability that, in the foreseeable future, the defendant will**
14   **have the capacity to stand trial. In addition, the superintendent or director shall:**

15

16                                          21.

17                                    CONSPIRACY

18                                          A.

19   On August 15th 2013, officer Hill informed supervisor Rolfe of the alleged criminal activities and post

20   prison condition violation, ' and then again on August 21st and 23rd 2013, Officer Christenson Informed

21   Supervisor 'Rolfe of his clients (Plaintiff) alleged criminal activities and post prison condition violations

     which are clearly placed and seen upon all law enforcement computer system that plaintiff is classified as

22   a sex offender.  All law enforcement officers are keenly aware of and are to notify parole officers. 'Stated

23   In the police Report of no contact with female minors, and then when Christenson met with Sara

24   Newberry and daughter Koyla Munsen and for her to start an illegal sting of contact and conduct of a

1 dialog of texting pictures from his (Christyenson's) cell phone and number. These 3, public safety officer

2 and private citizen, were in complete agreement with a "culpable state of mind" to be Deliberate

3 Indifferent in violate plaintiff's Constitutional Rights, not allowing plaintiff to defend himself with Miranda

Rights, or arrest him, or serve a citation, Denying him his legal Constitutional and Civil rights,  Equal

4 Protection of the Laws, nor allowing Procedural and Substantive Due Process, nor following State

5 Criminal Justice commission that are State imposed Liberty Interests to protect Plaintiff, Under Oregon

6 Administrative Rule, Oregon Revised Statue and Oregon Criminal justice division code of ethics.

7 Choosing not to read plaintiff his Miranda rights for the next 3-months, instead with an "illegal sting"

conspired vicariously impersonated koyla Munson, not allowing plaintiff the right so as to NOT incriminate

8 himself for 3-months, when Plaintiff spoke with Christenson weekly via text message from August 23,

9 2013 through November 16, 2013, with no Miranda Rights read and then used this self incriminating

10 evidence against Mr. Heilbrun. On July 11, 2014, Plaintiff Michael Heilbrun was wrongfully convicted and

11 sentenced to 120-months in state Prison for their illegal sting operation.

12 LEGAL STANDARD

**1.  A parolee has a constitutional right to an on-site hearing by which a person other than the**
13 **parole officer who recommends revocation can decide whether there is probable cause to revoke,**
**and a parolee who is denied such a hearing must be granted relief if he suffered prejudice as a**
14 **result of that denial. Huckaby v. Newell, 16 Or App 581, 519 P2d 1290 (1974)**

**2.  Conspiracy requires proof of the meeting of the minds to violate Constitutional Rights.  To**
15 **improve Conspiracy between the state and Private party under 1983, the plaintiff must show an**
**agreement of a meeting of the minds to violate Constitutional Rights, to be liable, each participant**
16 **in the Conspiracy needs not know the exact detail of the plan, but each must at least share the**
**common objective of Conspiracy. United Steel workers of America V. Phelps Dodge Corp. 865,**
17 **F2d 1539, 1540-41 (9th cir 1989) (emblanc) citation and internal quotation omitted.  Conclusory**
**allegations are insufficient to state a claim for Conspiracy, Simmon V. County Superior Court 318,**
18 **F3d 1156, 1161 (9th cir 2013).**

22.

19 <u>EQUAL PROTECTION CLAUSE</u>

20 A.

21 August 15th 2013 through November 16, 2013, plaintiff was treated differently from other individual's

22 people, or that is on a post prison supervisory condition regimen that is set up by the board of parole and

23 post prison. The Three (3) public safety officers HILL, ROLFE, and CHRISTENSON did Knowingly,

24 willingly and wantonly fail to read Miranda rights, under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602,

1  16 L. Ed. 2d 694 (1966). , serve a citation, arrest and provide him his Rights to a probable cause hearing,

2  when they were first made aware of the alleged violation and crimes in August 2013. Instead had Munsen

3  started a dialog of an illegal sting operation of texting from Christenson's phone for the next 3-months

   allowing plaintiff to incriminate himself , by coercion and manipulation denying plaintiff his Equal

4  Protection and then using this 3-months of self incriminating evidence to be used against him in his

5  criminal case.

6

7                                         B.

8  On July 11, 2014, Washington County and Corizon medical, did deny plaintiff his equal protection of Law,

   when they did knowingly and willingly chill plaintiff and refused to allow him to assist in defense against

9  his infamous criminal case that violated his Fifth, Sixth and Fourteenth amendment Rights to the

10 United States Constitution When they knowingly and willingly kept plaintiff on the Large amount of

11 Narcotic medications that impeded and impaired his his judgment and weakness to stand trial in his

12 infamous criminal case that was against him.

                                          C.

13                                   LEGAL STANDARD

14

   **161.370  Determination of fitness; effect of finding of unfitness; proceedings if fitness**
15 **regained; pretrial objections by defense counsel.**

16  **255-070-0001  Conditions Not Limited by Exhibit J**

17 ,ORS 144, OAR 255,  (OAR 255-075-0025 Notice of rights), (OAR 255-075-0031 Hearing process),

18 (255-075-0042 probable cause Hearing)and (ORS 144.087),(ORS 137.595)(ORS

19 144.343),(ORS135.070 through ORS 135.225) The Board and Department of Public Safety OAR 259-

20 008-0000 through 259-008-0070 is also set up to protect individuals from corrupt vindictive

   individuals, and specifically (OAR 259-008-0070 (3)(a)(i), Dishonesty includes untruthfulness,

21 dishonesty be admission or omission, deception, misrepresentation and falsification.(OAR 259-008-

22 0070(3)(a)(ii) Disregard for Rights of others, Constitutional or Civil Rights of others, protecting

23 vulnerable persons and fundamental duty to protect and serve the community. ORS 183.335, ORS.

24 181.640. and Criminal Code of ethics (form F-11)  ORS 181.630, OAR 259-008-0060 4(c)  Law

1 enforcement must ascribe to and swear or affirm the criminal Justice code of ethics (Form F-11),

2 OAR 259-008-0000 1(a) The board and department of public safety standards and training exist to

3 develop individuals into public safety providers who are (A) Culturally competent (B) ethically,

physically and emotionally fit and; (C) well trained, highly skilled and responsive to the needs of

4 their community.

5                                              B.

6 The Equal Protection clause of the Fourteenth Amendment commands that no state shall deny to
   any person within its jurisdiction the equal protection of the law.  The United States Constitution
7 Amendment XIV. § 1. In other words, all persons similarly situated should be treated alike.  Plyler
   V. Doe U.S. 202, 216 S.Ct 2382, 72 Led 2d 786 (1982). Under the theory of suspect class, such as
   race , Remero V. Yates, case No. 1: 08-CV-00669-LJO MJS 9pc) 2011 US dist LEXIS 53850 (ED-cal
8 May 18, 2011. Citing Thorton V. City of St Helens, 425 F3d 1158, 1167, and (9TH CIR 2005)
   accordingly in order to establish that he was treated differently from others similarly situated
9 individuals with respect to Government Act, Statues or regulation because of a plaintiffs protected
   status. Maynard V. San Jose, 37 F3d 1396, 1404 (9th cir 1994) (citing personal Administrator of
   Massachusetts V. Feeny, 442, US 256, 279, 99 S. Ct 22 60 L.Ed, 2d (1979) emphisis in original.
10
                                              C.
11

12 Or. Rev. Stat. 144.345(1) authorizes the Board of Parole to revoke a parolees parole when the
   Board finds that the parolee might commit another crime in the future. A parolees recent
   commission of theft provided the Board with a reasonable inference to revoke the prisoners
13 parole. A full written record of the proceedings before the Boards hearings officer and the
   implication that the Board adopted the findings of the hearings officer were held sufficient to
14 provide reasons for the Boards decisions. Sandersfeld v. Oregon State Board of Parole, 25 Ore.
   App. 323, 548 P.2d 1333, 1976 Ore. App. LEXIS 1972 (Or. Ct. App. 1976).

15                                             23.

16                                             A.

17                               FREEDOM OF SPEECH

   Plaintiff alleges that from August 2013-through-November 2013, in which time defendants through
18
   coercion, used a female minor to start a dialog of texting from defendants Christenson's phone number.
19
   denying him the freedom of speech, to be heard at a reasonable time in a reasonable manner with an
20 attorney present or without, in which defendants obstructed justice 'chilling and 'retaliating against his

21 Rights. Not providing Miranda Rights to remain silent, to arrest, to serve a citation, to provide plaintiff with

22 a timely hearing, to provide a lawyer for the parole violations and Crimes, being prejudice against plaintiff

   for being a sex offender. Plaintiff was chilled of his Constitutional right to remain silent for the 3-months
23
   and not self incriminating himself for the August 2013-through-november 2013 interrogations in which
24 said evidence was illegally used.

1
                                            B

2  July 11, 2014, Washington County and Corizon did knowingly and willingly deny and chill, impair and

   impede plaintiff freedom of speech to assist with counsel with a culpable state of mind in his infamous
3
   criminal case that was against him, when they kept plaintiff highly medicated on a large dose of Narcotic's
4
   of Morphine sulfate also 2 days prior increased the dose of Morphine Sulfate, in which chilled plaintiff his
5  rights to be heard at a meaningful time in a meaningful manner.

6                                           C.

                                     LEGAL STANDARD
7
   (1)An individual has a right "to be free from police action motivated by retaliatory animus but for
8  which there was probable cause." Skoog v. Cnty. of Clackamas, 469 F.3d 1221, 1235 (9th Cir.
   2006). To recover for such retaliation under 1983, a plaintiff must prove: (1) he engaged in a
9  constitutionally protected activity; (2) as a result, he was subjected to an adverse action by the
   defendant that would chill a person of ordinary firmness from continuing to engage in the
   protected activity; and (3) there was a substantial causal relationship between the constitutionally
10 protected activity and the adverse action. Id.; see also Ford v. City of Yakima, 706 F.3d 1188, 1193
   (9th Cir. 2013) (stating that a plaintiff must be able "to prove the officers' desire to chill [the
11 plaintiff's] speech was a but-for cause of their allegedly unlawful conduct"). Here, the allegations
   found in the complaint fail to address precisely how any of the defendants violated plaintiff's
12 rights under the First Amendment.

   (2)As the Ninth Circuit stated in Lacey v. Arpaio, 649 F.3d 1118, 1132 (9 Cir. 2011), to demonstrate
13 a First Amendment violation, a plaintiff must provide evidence showing that a defendant's actions
   deterred or chilled the plaintiff's protected speech and that such deterrence or chilling effect was
14                        a substantial or motivating factor in the defendant's conduct.

15

16                                          VII.

                                            24.
17
                                       CONCLUSSION
18
                                            A.

19 On August 23, 2013, Michael Heilbrun was denied his Civil and Constitutional rights, to be read Miranda

20 Rights or to have a hearing, in which the County and City allowed these 3, officers and 1 civilian to

   conspire with an illegal sting operation that self incriminated plaintiff and that allowed Mr. Heilbrun to be
21
   wrongfully charged, conviced and sentenced July 11, 2014 to 120-months in "HELL" State Prison.
22
                                            B.

23 On March 17, 2014, Plaintiff Michael Heilbrun sustained an injury that impacted his spinal cord which

24 herniating the L4-5, SI and fracturing the L-5 Vertebra, to this very day plaintiff is unable to work do to his

1  mobility issues, where he has been in need of a wheelchair, walker and cane. Washington County and

2  Corizon Medical Inc., and agents informed plaintiff they were going assist plaintiff and have a spinal

3  surgery performed, instead viciously medicated and then had plaintiff maliciously prosecuted and sent to

   State prison so they would not absorb the costs associated with the injured spine.

4  "Economically" Plaintiff is a crane operator, at the time Made $ 66,000.00 per year X 120-months= $

5  660,000.00  The enormous cost of man hours conspiring against plaintiff,$$$$ ?.  The Cost to House an

6  inmate in the State Correctional System, $ 31,000.00 X 120-Months= $ 310,000.00. , This in itself does

7  not reflect the Legal fee's Attorney, and Court Cost for 9-months to argue the case, and the man Hours of

   3-months to Conspire. And yet to put a price on one's Freedoms?? "Priceless

8                                                                C.

9              **"ALL DEFENDAN'S DID WILLINGLY AND WONTONLY FAIL-TO-PROTECT PLAINTIFF"**

10

11                                                            VIII.

12         All  persons  "City of Portland, Washington County, Corizon medical Inc., Ken Rolfe, David

   Christenson, Tony Hill and  Sara Newberry are being sued in their Individual Capacity. (Federal claims)

13         All persons Washington County, Corizon Medical Inc., Pat Garrett, Joseph McCarthy, are being

14  sued in their official capacity (State claims)

15                                                            IX.

16         **WHEREFOR,** Plaintiff prays for and requests that the Court Grant the Following:

17                                                            A.

18         1. Issue a Declatory Judgment stating that:  Defendant's were Deliberate Indifferent when they

   chose to be prejudice against plaintiff and his Constitutional Rights, in conspiring together to have him

19  Maliciously Prosecuted for being classified as being asex offender, Violated First, Fifth, Sixth, Eighth , and

20  Fourteenth Amendment Rights to the United States Constitution and;

21         2.  Issue an immediate injunctive order, requiring the state of Oregon to expung all charges

22  convictions associated in or against plaintiff in the above mentioned criminal case, once released from

   State Prison.

23

24

1

2                                      B.

3                              FEDERAL CLAIM

4       Award Compensatory Damages for pain and suffering and mental anguish against from each of the

named Defendant in the Amount of $ 25,000,000.00 as a result of their actions or inactions in violating

5   plaintiff's Constitutional Rights, award $ 5,000,000.00 damages jointly and severally.

6

7                                      C.

8                              STATE CLAIM

                          Award Punitive Damages: $ 750,000.00
9
                          Award Special Damages:  $ 750,000.00
10                         Award General Damages: $ 1,500,000.00

11

12                                     D.

    Grant any other relief as the Court deems appropriate and proper.
13

14

15                                     X.

16

17  Plaintiff requests a jury trial in order to adjudicate the material issues in this complaint.

18

19                                     XI.

20                              VERIFICATION

21

22

23

24

1  STATE OF OREGON

2

   COUNTY OF MARION
3

4  Pursuant to 28 U.S.C. § 1746 I, Michael Heilbrun declare under penalty of perjury that the

5  foregoing is true and correct.

6

7  This Document was Acknowledged/signed/Attested before me

   On, June 7 _____, 2016, By Michael Heilbrun.
8

9

10 Notary Public M giibcet

11 My Commission Expires: 02/28/20

12

13

14                                        Respectfully Submitted by,

15                                        Michael Heilbrun
                                          SID# 11035478
16                                        O.S.P.
                                          2605 State Street
17                                        Salem, OR 97301

18

19

20

21

22

23

24

## WAIVER OF SERVICE OF SUMMONS

TO:     MICHAEL ELBERT HEILBRUN

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

Corizon. Medical Inc., Pat Garrett, Joseph McCarthy, MR Hill, David Christenson, Ken Rolfe, Sara NEWberry

I,   Washington Co. City of Portland      , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of     Civil Rights Action     ,

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the _____ District of __ OREGON _____

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after    May 16, 2016  ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____      _____

(DATE)                            (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1          CERTIFICATE OF DOCUMENT PREPERATION

2

3          Certificate of Document preperation. You are required to
truthfully complete this certificate regarding the documents
you are filing with the Court.

4

A.   I selected these documents for myself and completed them

5

without paid assistance.

6

7          x _____
MICHAEL HEILBRUN
SID# 11035478

8          TWO RIVERS CORR INST.
82911 Beach Access Rd.

9          Umatilla, OR 97882

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Page 1-CERTIFICATE OF DOCUMENT PREPERATION

CERTIFICATE OF SERVICE

1

I Michael Heilbrun certify the following, I am currently housed at the Oregon State Penitentiary. That on the day of June 7, 2016 I personaly placed in the the Penitentiary Mail service a true copy of the following:
(3)Copys of civil complaint
(3)Copy of summons
(3) copy of certificate of document preperation
(3) Copy application to proceed in forma pauperis
(3) Copy  inmate trust account


I placed the above in a secured enclosed, postage prepaid envelope, to persons

Number of copies(3) sent to:

US district courthouse
1000 SW Third Ave.
Portland, OR 97204

Number of copies (1) sent to:

(1) copy of complaint
(1) copy of summons
(1) waiver of service

D.O.J
1162 Court St NE
Salem, OR 97301

Michael Heilbrun
SID# 11035478
OSP
2605 State Street
Salem,OR 97301

Page 1 of 1