# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL E. HEILBRUN**, | Case No. 3:16-cv-1052-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **WASHINGTON COUNTY; KEN ROLFE; CORIZON MEDICAL, INC.; PAT GARRETT; JOSEPH MCCARTHY; STOLZ COLIN;** and **CITY OF HILLSBORO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

In October 2017, the Ninth Circuit affirmed in part and vacated in part and remanded this Court's previous order dismissing this case. ECF 16. The Ninth Circuit noted that the previous order from this Court "did not address Heilbrun's allegations in his verified complaint that adverse side effects from pain medication and failure to install safety measures resulted in his back injury, and that he was administered medication without his informed consent." ECF 16-1 at 2. Accordingly, the Ninth Circuit vacated the judgment in part and remanded for this Court to consider these allegations and determine whether to allow leave to amend. *Id*. at 2-3. On

November 21, 2017, this Court ordered that if Plaintiff desired to continue the case, he must file an amended complaint within 30 days. ECF 17. The Court also required that, if Plaintiff chose to file an amended complaint, he must name all Defendants in the caption of that pleading and separately describe how each of the named Defendants personally participated in the alleged violations. *Id.* On December 22, 2017, Plaintiff filed his amended complaint, alleging 17 separate claims. ECF 18. Now pending before the Court are: (a) Defendant City of Hillsboro's Motion to Dismiss (ECF 30); (b) Defendants Washington County, Ken Rolfe, and Pat Garrett's Motion to Dismiss (ECF 31), and (c) Defendants Corizon Medical, Inc. ("Corizon"), Joseph McCarthy, and Stolz Colin's Motion to Dismiss (ECF 33). Plaintiff did not respond. For the reasons that follow these motions to dismiss are granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the Plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

PAGE 2 – ORDER

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

Plaintiff alleges in his amended complaint seventeen separate claims for relief against defendants. ECF 18. The Court will analyze each claim as they pertain to each of the three motions to dismiss.

### A. City of Hillsboro's Motion to Dismiss

Four of Plaintiff's claims are alleged against the City of Hillsboro. Plaintiff's eleventh claim is for failure to train a Washington County employee, Ken Rolfe; his twelfth claim is for failure to train an intern for Corizon Medical, Stolz Colin; his thirteenth claim alleges conspiracy and retaliation designed to suppress Plaintiff's free speech rights; and his fifteenth claim is for negligence in failing to protect Plaintiff through jail housing at the Washington County jail and from side effects from his medical treatment. ECF 18. Defendant Hillsboro argues that these claims are both barred by the respective statutes of limitations, and that Plaintiff has failed to allege any facts that would support a claim against the City of Hillsboro. ECF 30.

The Court finds that Plaintiff has failed to state a claim against the City of Hillsboro. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. A municipality can only be held liable for "those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty Com'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 403-04 (1997).

Plaintiff's four claims against the City of Hillsboro cannot be attributed to the City. A defendant must be potentially liable for misconduct, and the complained of acts here cannot be fairly said to be those of any City of Hillsboro actors or policymakers. The claims against the City of Hillsboro are all based on actions by persons not employed by the City, or by landowners other than the City. Plaintiff has not alleged that Mr. Rolfe or Mr. Colin are employees of the City of Hillsboro, and Plaintiff alleges no facts to show how the City could be liable for a failure to train people it does not employ. Similarly, Plaintiff's thirteenth claim alleges that the City retaliated and violated his First Amendment rights through the District Attorney's alleged intimidation of Plaintiff during a criminal proceeding. ECF 18. The District Attorney is not a City employee. ORS 8.650, et seq, and the City is not involved in State criminal prosecutions.

Finally, Plaintiff's final claim against the City of Hillsboro is a state negligence claim. ECF 18. Plaintiff alleges that he was injured due to unsafe housing when he was incarcerated in the Washington County Jail. *Id.* But Plaintiff acknowledges that it was the County Jail and a County building where he was detained, and thus has not alleged how the City could be found liable. Because Plaintiff has not stated a claim upon which relief can be granted, the City of Hillsboro's Motion to Dismiss (ECF 30) is granted.

### B. Washington County, Ken Rolfe, and Pat Garrett's Motion to Dismiss

Defendants Washington County, Ken Rolfe, and Pat Garrett ("County Defendants") move to dismiss Plaintiff's first, fourth, eighth, ninth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, and seventeenth claims because Defendants assert they are untimely. Plaintiff's first, fourth, eighth, ninth, eleventh, twelfth, and thirteenth claims arise under 42 U.S.C. § 1983 ("§ 1983") and are therefore subject to a two-year limitations period. *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 USC § 1983."). Plaintiff's fifteenth, sixteenth, and seventeenth claims are state tort-law claims. The Oregon Tort Claims Act provides in relevant part that tort claims against a public body "shall be commenced within two years after the alleged loss or injury." ORS 30.275(9). Thus, because Plaintiff's original complaint was filed on June 9, 2016, any claims that arose before June 9, 2014, are untimely.

The Court notes at the outset that there is some confusion and contradiction regarding the dates of events as alleged in Plaintiff's original complaint (ECF 2) and Plaintiff's amended complaint (ECF 18). Because this Court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt, it will assume that Plaintiff has alleged the later of two dates if two different dates are alleged for the same event. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Specifically, March 17 is the date when Plaintiff asserts that he fell from his bed, and in his first complaint Plaintiff asserts that this fall occurred on March 17, *2014*. ECF 2. In the second complaint, Plaintiff asserts that it occurred on March 17, 2013. ECF 18. Plaintiff also asserts that he was not in custody until November 16, 2013, and thus Plaintiff's fall, which occurred while in custody, must have taken place after that. For these reasons, the Court will assume that Plaintiff intended to allege in his amended complaint that he

fell on March 17, 2014, and that the claims regarding medical treatment subsequent to the fall also took place in 2014.

However, many of Plaintiff's claims against the County Defendants are still untimely. Several of Plaintiff's claims relate to an alleged failure to provide an "on-site hearing." ECF 18. Plaintiff's first claim for relief is untimely because it arose in August 2013. Plaintiff alleges a denial of procedural due process related to the denial of an "onsite hearing" for a post-prison violation and that he "was first made aware of the violation August 2013." ECF 18. Plaintiff's fourth claim in untimely because, at the latest, it arose in November 2013. Plaintiff alleges "deliberate indifference" to Plaintiff's alleged constitutional right to an onsite hearing that "resulted in further injury to the plaintiff from August 2013 through November 16, 2013." ECF 18. Plaintiff's eighth claim is untimely because it arose in August 2013. Plaintiff alleges that he was denied equal protection of law because he was not "given the right to have an onsite hearing, August 2013." ECF 18. Plaintiff's eleventh claim is untimely because it arose in August 2013. Plaintiff alleges that the County failed to train Defendant Rolfe to protect Plaintiff's "Constitutional Rights to an on-site hearing." ECF 18. Plaintiff alleges that this onsite hearing should have occurred in August 2013, and that he "was first made aware of the violation August 2013." ECF 18.

The County Defendants also argue that Plaintiff's fifteenth and seventeenth claims are untimely because they arose on March 17, 2013, and that Plaintiff's sixteenth claim is untimely because it arose between April 17, 2013, and April 24, 2013. Because these claims relate to Plaintiff's fall, and medical treatment received after the fall, the Court construes these events as having occurred in 2014 rather than in 2013. In his fifteenth claim, Plaintiff alleges that the County was negligent for failing to provide him with an adequate bed, which caused him to fall

"from a 36-inch platform bed" on March 17, 2014. ECF 18, ECF 2. In his seventeenth claim, Plaintiff alleges that Defendant Garrett was negligent for not providing "safe housing" that would have prevented the injury referred to in Plaintiff's fifteenth claim. Because the injury was sustained on March 17, 2014, Plaintiff's claims are still time-barred because they began to accrue before June 9, 2014.

Plaintiff's sixteenth claim is also untimely. In his sixteenth claim, Plaintiff alleges that he was not placed in a proper medical unit and was given improper medical care between April 17, 2014, and April 24, 2014. ECF 18. Because this alleged injury occurred more than two years prior to the filing date of Plaintiff's original complaint on June 9, 2016, the sixteenth claim is also untimely.

The County Defendants also argue that Plaintiff's ninth, twelfth, and thirteenth claims are untimely because they arose in July 2013. ECF 31. But as stated above, the Court construes these claims as having arisen in July 2014, as they occurred after Plaintiff's fall from the bed in March 2014. Thus, these claims are not untimely, as they began to accrue after June 9, 2014.

These claims, however, fail to state a claim upon which relief may be granted. Plaintiff's ninth, twelfth, and thirteenth claims all relate to an alleged increase in opioid-medication dosage that was given the Plaintiff two days before his trial date. Plaintiff asserts claims for denial of equal protection (claim nine), failure to train the employee who provided the medication (claim twelve), and a violation of the First Amendment (claim thirteen), based on this alleged dosage increase and its effect on his ability to make a knowing and voluntary plea.

As this Court stated in its prior Order (ECF 9) and as the Ninth Circuit affirmed (ECF 16-1) an action under 42 U.S.C. § 1983 that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless the plaintiff can prove that his

PAGE 7 – ORDER

conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000). Plaintiff's ninth, twelfth, and thirteenth claims would all similarly call into question the lawfulness of Plaintiff's confinement. All three claims are premised on the assertion that Plaintiff was prescribed "large amounts of opioid pain medication" two days before trial, which led Plaintiff to not be of sound mind when he accepted a plea deal. ECF 18. Plaintiff has not shown that his conviction or sentence based on that plea has already been reversed or otherwise invalidated. Accordingly, these claims also fail as a matter of law, and Defendants Washington County, Ken Rolfe, and Pat Garrett's Motion to Dismiss (ECF 31) is granted.

## C. Corizon Medical, Inc., Joseph McCarthy, and Stolz Colin's Motion to Dismiss

Defendants Corizon Medical, Inc., Joseph McCarthy, and Stolz Colin argue that Plaintiff's claims against them should be dismissed because they are (1) time-barred, (2) even if Plaintiff's claims were timely filed, Plaintiff's allegations regarding his medical treatment do not rise to the level of a constitutional violation, and (3) Plaintiff has alleged no wrongful conduct on the part of Corizon and, under 42 U.S.C. § 1983, Corizon cannot be held vicariously liable for the acts of its employees. ECF 33. The Court agrees in part and disagrees in part.

Plaintiff asserts that while he was in custody, defendant Joseph McCarthy, the Chief Medical provider at the Lane County jail, placed Plaintiff on the medication "Noratryptaline" in December 2013, "without plaintiff being informed that he was being placed onto a medication that had known side effects." ECF 18. Plaintiff states that this medication had "horrendous" side effects, including causing Plaintiff to fall from a 36-inch platform bed while he was sleeping on

March 17, 2014.[1] This fall allegedly caused Plaintiff to herniate two spinal discs and fracture a vertebra, caused Plaintiff pain and suffering, and caused Plaintiff to have to use a walker or wheelchair. ECF 18. Plaintiff alleges that McCarthy failed to protect Plaintiff by failing to notify Plaintiff that he was being placed on Noratryptaline, failing to notify Plaintiff of the medication's side effects, and by failing taking steps to prevent him from falling. ECF 18, ECF 2. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) (explaining that the state has a duty to provide inmates with "basic human needs," including medical care and "reasonable safety"); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) ("[D]ue process requires that if a doctor gives a drug to an inmate without his consent, the drug must be medically appropriate.").[2]

McCarthy's sole argument in his motion to dismiss regarding these claims is that they are barred by the statute of limitations. Under Oregon law, personal injury claims are subject to a two-year statute of limitations. ORS § 12.110(1). Plaintiff's claims under § 1983 are subject to the same two-year limitations period. *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("Oregon's two-year statute of limitations for personal injury actions applies to actions

---

[1] As discussed above, although Plaintiff states in his amended complaint that the fall occurred on March 17, 2013, rather than on March 17, 2014, it is clear from the fact that Plaintiff was not in custody until November 16, 2013 that the reference to 2013 likely is a typographical error. The original complaint, which alleges that the fall occurred on March 17, 2014 (ECF 2), supports this conclusion. If the Court is incorrect on this point, Defendants may file a motion for summary judgment supported by evidence of the correct date.

[2] Plaintiff also asserts that Corizon was negligent in providing inadequate medical facilities in April 2014, and that Corizon and Stolz are liable for prescribing him opioids two days prior to a court proceeding. As discussed above, these claims are barred by the statute of limitations and *Heck*, respectively. *Heck*, 512 U.S. at 486-87. To the extent that Plaintiff alleges that Corizon is vicariously liable for the actions of its employees, these claims also fail. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Respondeat superior or vicarious liability will not attach under § 1983.").

under 42 USC § 1983.") Plaintiff's original complaint was filed on June 9, 2016, therefore, all personal injury claims that began to accrue before June 9, 2014 are untimely.

Federal law applies for determining when a clam under § 1983 accrues. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In other words, an action accrues "when the plaintiff has a complete and present cause of action," such that "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotations omitted).

A threshold question, therefore, is when Plaintiff knew or had reason to know of the injuries that are the bases of his action. McCarthy is correct that Plaintiff knew of the injury of falling from the bed on March 17, 2014, and thus his claim that McCarthy (or the other Defendants) failed to take steps to prevent him from falling from the bed began to accrue on that date. That date is before June 9, 2014, and that claim, therefore, is untimely.

Plaintiff's other claims against McCarthy, however, did not necessarily begin to accrue at the time of the fall. These claims are that Plaintiff was administered medication without his informed consent and that he fell *due* to the side-effects of that medication. ECF 18. For these claims, the "complete and present cause of action" depends on knowledge that plaintiff was being medicated with Noratryptaline and that this medication was causing Plaintiff harmful side effects, including causing him to "flail around" and fall from the platform bed. *See Johnson*, 134 F.3d at 1397 (9th Cir. 1998) (holding that lack of consent to being medicated was itself cognizable injury). It is not certain that the fall from the bed itself would necessarily give Plaintiff the knowledge or reason to know that it was the side effects of the medication that

caused the fall, especially construing the facts alleged in the light most favorable to the non-moving party. A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer*, 622 F.3d at 1041.

There is therefore a cognizable legal theory to support the Plaintiff's medication-related claims: that Plaintiff discovered the facts of the harmful side effects of the medication some time after the fall. Although it is not obvious from the face of the complaint when Plaintiff discovered the harmful side effects were due to Noratryptaline, a court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The benefit of the doubt requires the Court to allow Plaintiff to amend the complaint to state when and how he first learned that he was being affected by the side effects of Noratryptaline, and whether this knowledge occurred after June 9, 2014. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) ("'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'").

Because McCarthy makes no other argument for why these specific claims – that Plaintiff was administered medication without his informed consent, and that Plaintiff fell due to the side-effects of that medication – should be denied, McCarthy's motion to dismiss is denied in part with respect to those two claims. ECF 33.

Plaintiff's amended complaint, however, does not identify any other named defendant as personally participating in the deprivations underlying the two remaining claims. Thus, the final motion to dismiss (ECF 33) is granted as to defendants Corizon Medical Inc. and Stolz Colin and denied with respect to defendant McCarthy.

## CONCLUSION

City of Hillsboro's Motion to Dismiss (ECF 30) is GRANTED. Washington County, Ken Rolfe, and Pat Garrett's Motion to Dismiss (ECF 31) is GRANTED. Corizon Medical, Inc., Joseph McCarthy, and Stolz Colin's Motion to Dismiss (ECF 33) is GRANTED as to Corizon Medical Inc. and Stolz Colin and DENIED with respect to Joseph McCarthy for the claims that Plaintiff was administered medication without his informed consent and that Plaintiff fell due to the side-effects of that medication. Plaintiff is ordered to amend the complaint within 30 days to clarify when and how he first learned that he was being administered Noratryptaline and what its side-effects were and whether this knowledge was obtained after June 9, 2014.

**IT IS SO ORDERED.**

DATED this 23rd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge