# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL E. HEILBRUN**, | Case No. 3:16-cv-1052-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **WASHINGTON COUNTY; CORIZON MEDICAL, INC.; JOSEPH McCARTHY, M.D.; PAT GARRETT; KEN ROLFE; STOLZ COLIN; and CITY OF HILLSBORO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

The Court has previously dismissed all claims against all Defendants except Joseph McCarthy, M.D. Now before the Court is Dr. McCarthy's Motion for Summary Judgment. ECF 57. Plaintiff Michael E. Heilbrun, pro se, alleges that Dr. McCarthy administered a medication called Nortriptyline to Plaintiff without Plaintiff's informed consent while Plaintiff was in custody at the Washington County Jail, resulting in Plaintiff suffering an injury caused by unexpected side effects of the medication. Plaintiff brings his claims under 42 U.S.C. § 1983 (§ 1983), alleging: (1) a violation of his right to procedural due process under the Fifth Amendment to the United States Constitution; (2) a violation of his rights under the Eighth

Amendment based on "deliberate indifference"; and (3) a violation of his right to equal

protection under the Fourteenth Amendment. For the reasons stated below, the Court GRANTS

Dr. McCarthy's Motion for Summary Judgment.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine

dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view

the evidence in the light most favorable to the non-movant and draw all reasonable inferences in

the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th

Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling

on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of

the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

Plaintiff did not file a response to Dr. McCarthy's motion for summary judgment. A court

may not, however, grant summary judgment by default. *See Heinemann v. Satterberg*, 731 F.3d

914, 916-17 (9th Cir. 2013). When a party fails to respond to a fact asserted by the movant, a

court may:

> (1) give [the party] an opportunity to properly support or address
> the fact; (2) consider the fact undisputed for purposes of the
> motion; (3) grant summary judgment if the motion and supporting
> materials—including the facts considered undisputed—show that
> the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts—where a party fails to respond to an asserted fact, that fact may be "deemed admitted" (considered as undisputed). *Heinemann*, 731 F.3d at 917.

Here, the Court granted Plaintiff the opportunity to properly address the facts as stated in Dr. McCarthy's motion, but Plaintiff failed to file a response. The Court will consider as undisputed the facts asserted by Dr. McCarthy in his unopposed motion. Considering a fact as undisputed, however, does not mean that summary judgment automatically may be granted. A court must still determine, considering the facts the court has found undisputed for want of a response, the "legal consequences and permissible inferences" to be drawn from those facts. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Accordingly, the Court considers Dr. McCarthy's Motion on the merits in light of the undisputed facts.

## BACKGROUND

### A. Procedural Background

Representing himself, Plaintiff filed this lawsuit in June 2016. He filed an amended complaint in December 2017. In separate motions, all Defendants moved to dismiss, and the Court ordered Plaintiff to respond. Plaintiff sought and received extensions permitting him to file his response, but Plaintiff never responded. The Court dismissed all claims against all Defendants, except for Plaintiff's claims against Dr. McCarthy regarding whether Dr. McCarthy administered a medication to Plaintiff without Plaintiff's informed consent, allegedly causing Plaintiff to fall. This is the sole issue left to be decided. Plaintiff brought three constitutional claims premised upon this factual allegation.

Dr. McCarthy moved for summary judgment on January 27, 2021. The Court set a deadline of March 1, 2021 for Plaintiff's response. Plaintiff filed a motion for a 90-day extension of time to respond. ECF 62. The Court granted Plaintiff's motion, allowing Plaintiff until

July 13, 2021 to file a response. ECF 65. Plaintiff, however, did not respond. Accordingly, the

Court will consider Dr. McCarthy's Motion for Summary Judgment on the record before the

Court, without the benefit of any response by Plaintiff.

## B. Factual Background

Dr. McCarthy is the Chief Medical Officer of Corizon Medical, Inc. (Corizon). Corizon

provides medical services in the Washington County Jail. Plaintiff entered custody at the

Washington County Jail on or around November 17, 2013. Plaintiff filled out a Health Care

Request form (HCR) on November 20, 2013 that listed Plaintiff's lower back pain, bulging discs,

degenerative disc disorder, and pain with steps and movement. On the same day, Dr. McCarthy

prescribed Naproxen, Baclofen and Tylenol to Plaintiff. On December 10, 2013 Andrea

Rudolph, a Nurse Practitioner, prescribed Plaintiff 25 milligrams of Nortriptyline. Due to

ongoing back pain, Stolz Colin, a Physician's Assistant, gradually increased Plaintiff's dosage in

May and June 2014.

On April 17, 2014, Plaintiff reported that he had fallen out of his bed about four weeks

earlier. In the interceding four weeks, Plaintiff had submitted three HCRs seeking care for his

back pain but not mentioning the fall from bed. Plaintiff did not raise concerns about the side

effects of Nortriptyline that he alleges caused his fall, namely flailing, strange dreams, racing

thoughts, restlessness, agitation, or irritability.

Dr. McCarthy served a set of Requests for Admission (RFAs) on Plaintiff in August

2020. In his September 10, 2020 motion for extension of time, which the Court granted

(ECF 56), Plaintiff acknowledged receipt of the RFAs. ECF 54. Still, however, failed to respond

to the RFAs even within the extended period. A party who fails to respond to or deny requests

for admission is deemed to have made the admissions therein. *See* Fed. R. Civ. P. 36. Among the

requests for admission was Dr. McCarthy's request that Plaintiff admit that he received his complete set of medical records in March, 2015. That fact is now taken as true.

## DISCUSSION

Dr. McCarthy argues that based on uncontested facts showing that he did not prescribe Nortriptyline, summary judgment should be granted against all of Plaintiff's claims stemming from alleged harms resulting from the prescription of Nortriptyline because Dr. McCarthy cannot be liable under § 1983 for the actions of Randolph and Colin in this instance. Dr. McCarthy is correct. Dr. McCarthy further argues that Plaintiff's claims are not timely. Given the lack of a genuine factual dispute that could establish Dr. McCarthy's liability, the Court does not reach the question of timeliness.

All three claims asserted by Plaintiff against Dr. McCarthy require some evidence of a causal link between Dr. McCarthy's actions and the Plaintiff's alleged injury. "To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, 'acting under color of state law, *caused* the deprivation of a federal right.'" *OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting *Suever v. Connell,* 579 F.3d 1047, 1060 (9th Cir.2009)) (emphasis added); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (describing elements of an Eighth Amendment deliberate indifference claim); *see also Washington v. Harper*, 494 U.S. 210 (1990) (describing standard for finding a procedural due process violation when correctional institution administers medication against inmate's will).

It is undisputed that Plaintiff was prescribed Nortriptyline by others, not by Dr. McCaerthy, and there are no facts showing that Dr. McCarthy was involved in their decision to prescribe or administer Nortriptyline. Plaintiff's claims under § 1983 against Dr. McCarthy cannot be sustained unless Dr. McCarthy may be held liable under a theory of supervisory liability for the actions or omissions of Rudolph or Colin. A defendant who was not personally

involved in the alleged constitutional deprivation may be liable for deliberate indifference under § 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor might be liable despite not personally participating in the alleged deprivation if the supervisor "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen*, 885 F.2d at 646). There are no facts in the record here, however, showing that Dr. McCarthy participated in Rudolph or Colin's actions or established any policy that caused Plaintiff to be administered a medication without consent. Absent any genuine dispute over these facts, summary judgment on all of Plaintiff's claims against Dr. McCarthy is appropriate.

## CONCLUSION

Defendant Joseph McCarthy's Motion for Summary Judgment (ECF 57) is GRANTED.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge